Gudger *vs.* Bates *et al.*

---

LORENZO P. GUDGER, plaintiff in error, *vs.* ROBERTSON BATES *et al.,* defendants in error.

The act of congress, making the land upon which whisky is distilled liable for the taxes due the government for the distillation, does not apply to a case where the distillation is by one upon the land of another without his knowledge or consent.

Taxes. Lien. Revenue laws. Before Judge UNDERWOOD. Murray Superior Court. September Term, 1873.

Lorenzo P. Gudger brought ejectment against Robertson Bates and Leonard E. Cline, for lot of land three hundred and ten, tenth district, third section, of Murray county. The defendants pleaded not guilty and title in their lessor, Joseph Phillips. He, on motion, was made a co-defendant.

The facts presented by the testimony were as follows: One Jarrard Johnson, about the year 1852, leased the land in con-

troversy from Joseph Phillips for three years. Johnson remained in possession until the year 1869, without any further contract. During the years 1865, 1867, 1868 and the summer of 1869, without the knowledge of Phillips, he carried on the business of a distiller on said land. He became liable, under the revenue laws of the United States, for taxes to the amount of $125 00, and a penalty of $19 20. A warrant of seizure was issued by the United States tax collector for the taxes and penalty aforesaid, and said land sold thereunder. Plaintiff became the purchaser at said sale, receiving a deed executed by the officer aforesaid. Phillips held under a grant from the state of Georgia.

The court charged the jury, that the purchaser at said sale only acquired such interest as Johnson had in the land; that if Phillips held the title to the land, the fact that his tenant, Johnson, distilled spirits thereon, without his knowledge, would not render the same liable for taxes due to the United States by Johnson, and that said taxes would create no lien on said land, except so far as any interest Johnson might have in it was concerned.

The jury found for the defendants. The plaintiff excepted to the aforesaid charge, and assigns error thereon.

D. A. WALKER, by J. E. SHUMATE, for plaintiff in error.

JOHNSON & McCAMY, for defendants.

McCAY, Judge.

It is true that the act of congress of 1867 (United States Statutes, volume 14, 480,) does provide that the tax due from a distiller shall be a lien on the tract of land on which the distillery is situated. But the provisions of the same act, in reference to the license and the requirement that the owner of the land shall consent to this lien, together with the provisions of the act of 1868 on the same subject, clearly indicate that it was not the intent of congress to declare this lien to exist in cases where the still was upon the land of another

without his knowledge or consent. Such a provision would be so contrary to the principles of justice that it should require the very plainest language to establish it—language that would meet the very case, and not, as is the case in this act, mere general words. We incline to think that when the act says a lien on the land, it only means a lien on the interest of the distiller in the land and the interest of the party signing the consent, at the time of the license.

In this country, where there is so much unseated land, the owners of which live at a distance, such a provision would be so unjust, so open to be used as a fraudulent means of stealing land, and so unfair that we feel sure such was not the intent of congress. Even in the case of illegal distilling, the act of 1868 only forfeits the land of one other than the distiller, in case he knows of the illegal distillation on his land. As this is a worse offense than failing to pay the tax, the inference is a fair one that the lien of the tax on land not belonging to the distiller, only extends to the case of one who has consented that his land shall be so charged as provided by the act itself. And we the more readily come to this conclusion, because of the various provisions made, in case the land is under mortgage, or in litigation, etc.

Judgment affirmed.